McFarland, J.,
delivered the opinion of the court.
The statements of the bill in this case do not present the facts with the accuracy and clearness desira *96 ble in chancery pleading; however we understand the following to be the general statement of the case:
The complainant was the daughter of Spencer Clack, deceased, and a devisee and legatee under his will. She joined her husband in a bill to settle and divide the estate, and this was done by the proper decrees. Thomas J. Clack was a son and devisee and legatee under the will of said Spencer Clack. Four of Thos. J. Clack’s creditors, to-wit: P. G. Stiver Per Idus, Morris & Stratton, The Union Bank and D. B. Crutcher, filed bills and had decrees subjecting the land of said Thomas. J., which had been assigned to him, to the payment of their several debts.
In the meantime P. G. Stiver Perkins, the husband of complainant, and who claimed to be the owner of the several claims of Morris & Stratton, The Union Bank, and D. B. Crutcher, and all of which were in judgments, by deed settled the same upon complainant, and declared himself trustee for her use. This settlement was recognized in a decree that was rendered in the several causes, which were consolidated. The decree orders a sale of the land of Thomas J. Clack for the payment of these several claims, and directs the proceeds realized upon these debts last mentioned to be paid to complainant under the deed mentioned. The bill charges that the sale of the land was made and the same bid off by her husband for her use, at the price of $60 per acre. This sale was reported, but an order made suspending confirmation until solicitor’s fees and costs were paid, and a reference was made to the clerk who reported the solicit- *97 or’s fees in all the cases to be $1,000, and the costs $436.33.
These sums were declared a lien upon the land; and the same ordered to be sold in satisfaction thereofi The Master was proceeding to- make this sale when the present bill was filed. Complainant charges that she had no notice of this reference or the proceedings thereunder.
The bill does not distinctly charge that the fees reported in favor of the solicitors and costs embraced these fees and costs due upon the original cause for the partition of the estate, as well as for the several causes in favor of the creditors against Thos. J. Clack, but this is stated by way of argument. It is not shown who the solicitors of the several parties were, but the bill was dismissed for want of equity upon its face, upon the motion of Messrs. Brown & Walker and Campbell & McEwen. The complainant brings the case up by writ of error.
There can be no doubt that the solicitors of the several parties are entitled to a lien upon the recovery of their «clients for reasonable fees, and this lien has been held to attach to real estate, where it is the subject matter of litigation: See Hunt v. McClanahan, 1 Heis., 503; and in that case the lien declared and enforced by a decree in the case in which the services were rendered. Where the client is sui juris we think the court should, in the cause in which the services were rendered, do no more than declare the lien; and if the amount be not settled between them by contract, leave the attorney to enforce his claim *98 by an appropriate proceeding against his client, unless the amount be settled by contract, in which case the court may enforce the lien by decree. In the case referred to, a reference to the clerk to ascertain the amount was sanctioned, and it may have been followed in other cases.
In those cases, however, where the practice has been allowed, the question was not considered, and we think the better rule as we have stated, where the parties are under disability the reference may be allowed; but in cases where the reference is allowed, the attorney and client assume an antagonistic position; the attorney can not in this matter represent his client, and the client should have actual notice; he has notice of all other proceedings in the cause by reason of the fact that he is present by his attorney or solicitor, but in this proceeding his solicitor does not represent him.
From the allegations of this bill, these several causes are still pending in the court below. The decree complained of has not been executed, and assuming that the question as to these facts may be adjudged by decrees in said causes, it was unnecessary to file this bill. If injustice has been done the complainant by charging her recovery or property with' fees and costs not properly chargeable, then she has a clear remedy by application to the Chancellor for leave to except to the report; or, if the matter is passed beyond his control, then by appeal, writ of error, or bill of review. If these fees are due the solicitors who represented the several creditors of Thos. J. Clack, *99 to-wit: Stratton & Morris, the Union Bank and Crut-cher, then their liens for these several fees would be upon the fund recovered by their several clients. The recoveries of their clients should be satisfied by a sale of the debtor’s property, and out of the sums thus realized their fees should be paid — but the land, until sold and the sale confirmed, still belongs to Thomas J. Clack, and as such the solicitors have no claim upon it. They can not, without having it sold for 1;he benefit of their clients, pass over their clients, and sell the debtor’s property in the first instance for the payment of their fees. But, as we have said, the complainant can obtain all the relief to which she may be entitled more properly in another mode, and we are content to affirm the decree dismissing this bill.